IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS RANDALL AINSWORTH,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN BENZON,<br><br>　　　　　　　　Respondent. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RELIEF FROM FINAL ORDER OR JUDGMENT**<br><br>Case No. 2:17-CV-1205 RJS<br><br>Chief District Judge Robert J. Shelby |

The Court denies Petitioner's post-judgment motion.

## I. BACKGROUND

With methamphetamine in his system, Petitioner crashed into another vehicle, injuring two passengers and killing a child. *State v. Ainsworth*, 2017 UT 60, ¶¶ 5-6. Petitioner was sentenced to three prison terms of one-to-fifteen years, after he pleaded guilty to three second-degree-felony counts of negligently causing serious injury or death when driving with a measurable amount of a Schedule II-controlled substance in his body. (ECF Nos. 12, at 1; 23, at 6; 23-4, at 61.) On September 5, 2017, the Utah Supreme Court upheld (against Petitioner's substantive due-process argument) classification of Plaintiff's offenses as second-degree felonies. *Ainsworth*, at ¶¶ 15 n.3, 31.

In his federal habeas-corpus petition, Petitioner brought the following single claim under 28 U.S.C.S. § 2254 (2021): "The second-degree-felony designation in the measurable-amount statute--as it differs from the third-degree-felony designation in the DUI statute--violates his substantive due-process rights because it is not rationally related to a legitimate state interest."

1

(ECF No. 31, at 2.) Denying his petition, the Court reasoned that "Petitioner ha[d] not met his burden of finding on-point United States Supreme Court precedent and arguing that the Utah Supreme Court unreasonably applied it." (*Id.* at 8.)

Under Federal Rule of Civil Procedure 60(b), Petitioner moves for relief from the final order and judgment here. These are the issues he raises: "equal protection violation," (ECF No. 36, at 4-8); "denial of due process," apparently as to his sentence (*id.* at 10-13); application of "the rule of lenity," (*id*. at 13-15); application of the Utah Constitution, (*id.* at 18); ineffective assistance of counsel, (*id.* at 19-22); inadequate "access to a law library," (*id.* at 20); and, the involuntariness of his guilty plea, (*id.* at 20-22).

## II. LEGAL-ACCESS CLAIM

Petitioner's claim that he has been denied adequate legal resources while in prison may be a civil-rights claim regarding the conditions of his confinement. If so, it is inappropriately broached here in this habeas case. If Petitioner wishes to pursue this further, it must be in a separate case with a civil-rights complaint.

## III. RULE 60(b) ANALYSIS

In relevant part, Rule 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a
> final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to move for a
> new trial under Rule 59(b);
> . . .
> (6) any other reason that justifies relief.

Fed. Civ. P. 60(b).

This rule interplays with the federal habeas statute about second or successive habeas petitions. The applicable statutory language states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- . . .
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.S. § 2244(b)(1)(B) (2021).

Based on Tenth Circuit law, this Court must first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying that not all 60(b) motions in federal habeas cases are second or successive petitions). This Court may rule on true Rule 60(b) arguments here. However, "second or successive" issues must be "certified by a panel of the [10th Circuit] pursuant to § 2244 before [they] may proceed in district court." *Id*. at 1215 (citing 28 U.S.C.S. § 2244 (2021)).

*Gonzalez* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzalez*, 545 U.S. at 538). All of Petitioner's claims in his post-judgment motion meet the definition of a "second or successive petition"--i.e., they all "in substance or effect assert[] or resassert[] a federal basis for relief from the petitioner's underlying conviction."

# IV. SECOND OR SUCCESSIVE ANALYSIS

Because Petitioner has already filed a habeas-corpus petition in this Court--in this case--in the past and it was denied, Petitioner's current federal petition is second or successive. *See* 28 U.S.C.S. § 2244(a) (2021). Petitioner may not file such a petition without authorization from the appropriate federal court of appeals. *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see* R.9, Rs. Governing § 2254 Cases; *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file his second or successive petition--i.e., this post-judgment motion, (ECF No. 36). This Court therefore does not have jurisdiction to address its merits.

When a successive § 2254 petition is filed in a district court without the necessary appellate court sanction, it may be transferred under 28 U.S.C. §1631 (2021) to the proper court. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, all unauthorized successive habeas petitions should not automatically be transferred to the Tenth Circuit. This Court will only transfer the matter if it determines that it is in the interests of justice to do so.

In deciding that it would not be in the interests of justice to transfer this petition to the Tenth Circuit, this Court considered whether the claims would be time barred and whether the

claims are likely to have merit. A review of the claims and procedural history establishes that Petitioner's claims would not be valid.

First, Petitioner's challenge as to application of the Utah Constitution is irrelevant in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

The remaining "new" issues Petitioner raised in his Rule 60(b) appear to have been procedural defaulted. The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> . . .
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief . . . .

Utah Code Ann. § 78B-9-106(1) (2021).

All Petitioner's remaining issues could have been raised, either in his direct appeal or in a state post-conviction petition. Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

In addition, this Court noted that the Court of Appeals will not authorize the filing of a second or successive habeas petition in the district court unless the petitioner can meet the standard prescribed by § 2244(b)(2). Under that standard, the petitioner must show "that the claim relies on a new rule of constitutional law, made retroactive" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2) (2021). Petitioner has not addressed any of these requirements.

It would not be in the interests of justice to transfer the petition to the Tenth Circuit. Petitioner has not stated any appropriate legal basis for being allowed to proceed with this successive petition.

## V. ORDER

**IT IS ORDERED** that:

(1) Petitioner's motion for relief from the judgment is **DENIED**. (ECF No. 36.)

(2) Petitioner's second or successive petition shall not be transferred to the Tenth Circuit Court of Appeals.

(3) A certificate of appealability is **DENIED**.

DATED this 18th day of June, 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge